*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

US BANK TRUST NATIONAL ASSOCIATION,

        Plaintiff-Appellee,

v

LEE GREEN,

        Defendant-Appellant,

and

RODNEY MASSEY, CITY OF GRAND RAPIDS, MICHIGAN HOMEOWNERS ASSISTANCE NONPROFIT HOUSING, UNITED STATES OF AMERICA SECRETARY OF HOUSING AND URBAN DEVELOPMENT,

        Defendants.

UNPUBLISHED
March 12, 2025
12:06 PM

No. 370145
Kent Circuit Court
LC No. 23-011444-CH

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

The case originated in the circuit court with plaintiff's complaint seeking a foreclosure judgment on a real estate granted mortgage by defendant Lee Green ("defendant") and codefendant Massey.[1] The complaint also sought to have a January 23, 2017, Sheriff's Deed set aside, which was entered following a January 11, 2017, foreclosure sale, and the plaintiff's mortgage be revived and declared to be the senior mortgage. According to the complaint, the

---

[1] Massey is not a party to this appeal.

-1-

remaining defendants may have an interest in the property based upon various mortgages granted to them.[2]

Defendant failed to timely answer and a default was entered on January 23, 2024. On February 5, 2024, defendant filed a motion to set aside the default, which was accompanied by an answer dated January 29. On February 7, 2024, plaintiff filed a motion (dated January 31) for a default judgment. It requested that Count I (the request for a judgment of foreclosure) be dismissed without prejudice so that plaintiff may proceed through foreclosure by advertisement if it chose to do so. It also sought that the default judgment grant the relief requested under Count II, namely that the prior Sheriff's Deed be set aside and that the mortgage in plaintiff's favor be validated as the valid first lien of record.

On February 13, 2024, the trial court entered its order denying defendant's motion to set aside the default. The trial court summarized the facts as follows:

> On November 20,2023, Plaintiff U.S. Bank Trust and National Association ("U.S. Bank") filed a – [sic—2?] count complaint against Defendants Lee Green, Ronald Massey, and others (not relevant to the current motion), requesting a judicial foreclosure and set aside of a sheriff's deed and revival of mortage [sic—mortgage?]. Lee Green was served on December 7, 2023, and the proof of service of service [sic] was filed on January 9, 2024—which gave Green until December 28, 2023, to answer or otherwise respond to the complaint.
>
> Having not received anything from Defendant Green, Plaintiff s counsel filed a request for default on January 23, 2024. The docket did not show any indication of a response, so default was entered against Lee Green and Ronald Massey. On February l, 2024, Lee Green filed a Motion and Affidavit to Set Aside Default. Ronald Massey has not moved to set aside the default.
>
> Defendant Green now moves to set aside the default, arguing she "did not know" she was required to file an answer or otherwise respond and that her meritorious defense was "mortgage fraud."

The trial court analyzed the question as follows:

> The steps for setting aside a default are found in MCR 2.603(D). A motion to set aside a default shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed. Defendant Green's motion to set aside, while does contain a notarized affidavit asking the court to set aside the default, lays out little to no support other than "she did not know" she was required to file an answer or otherwise respond. Her meritorious defense is simply stated as "mortgage fraud." She includes a late answer to the Plaintiff's complaint. This answer with most of the allegations [sic]. Defendant Green states she has evidence to support her claims

---

[2] The other defendants are not parties to this appeal.

and defenses; however, the attachments she filed with the motion are a disorganized mess of "documents" that purportedly show mortgage fraud. Defendant Green fails to show the connection between the documented "exhibits" and her claim of "mortgage fraud."

Except when grounded on lack of jurisdiction over a defendant, a motion to set aside a default or default judgment should be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. To show "good cause" for setting aside a default or a default judgment a party may establish: (1) a substantial defect or irregularity in the proceeding upon which the default was based, or (2) a reasonable excuse for failure to comply with the requirements which created the default.

In determining whether a party seeking to set aside a default or default judgment has shown good cause, the trial court should consider the following factors: (1) whether the party completely failed to respond or simply missed the deadline to file; (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred; (3) the duration between entry of the default judgment and the filing of the motion to set aside judgment; (4) whether there was a defective process or notice; (5) the circumstances behind the failure to file or file timely; (6) whether the failure was knowing or intentional; (7) the size of the judgment and the amount of costs due; (8) whether the default judgment results in an ongoing liability, as with paternity or child support; and, (9) if an insurer is involved, whether internal policies of the company were followed. This list is not intended to be exhaustive or exclusive; the trial court shall only consider the relevant factors; and, finally, it is within the court's discretion to determine how much weight any single factor should receive.

In the instant case, the Defendant argues that default should be set aside as she "did not know" she was required to respond. However, case law seems to point to that not being a reasonable excuse. A lay defendant's lack of knowledge of the law and its consequences will not necessarily provide a reasonable excuse and "good cause" to set aside a default.

Even if the Court did consider the factors, the outcome would still not favor Defendant Green. In this instant case, Defendant Green completely failed to respond due to her alleged lack of knowledge, and no filing occurred. Thus, the first two factors favor Plaintiff U.S. Bank. Default was entered on January 23, 2024, and Defendant Green filed her motion to set aside default on February 1, 2024 (9 days). This is relatively quickly following the entry; if anything, the third factor favors Defendant Green for a timely filing. The fourth factor favors U.S. Bank, as there is no alleged defect in service. The fifth factor, circumstances for the failure to file timely, favors Plaintiff U.S. Bank, because a lack of knowledge is not considered "good cause" to set aside the default. Similarly, the sixth factor also favors Plaintiff U.S. Bank because the consequences of Defendant Green's failure to respond should not be shouldered by U.S. Bank. As to the seventh factor, that would favor Plaintiff U.S. Bank because the judgment amount is certain.

Similarly, the eighth factor favors Plaintiff U.S. Bank because the judgment will not result in ongoing liability. Finally, the ninth factor does not favor either side, as it is not known. Overall, the factors favor Plaintiff U.S. Bank and the default was proper and should not be set aside.

Despite not meeting the "good cause" requirement, the strength of a party's defense may lessen the showing of good cause needed to justify setting aside the default. Here, Defendant Green's defense is "mortgage fraud." Although she attached documents to her motion, she has not shown how they purport to show mortgage fraud. The Court is not required to infer Defendant Green's arguments for her, and as such the Court is left without discernable allegations upon which to glean possible defenses. And, "although the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." Here, without any discernable defense and a properly filed default, the Court has no choice but to deny Defendant Green's motion to set aside default.

On February 26, 2024, the trial court entered the default judgment which (1) dismissed Count I of plaintiff's complaint without prejudice, (2) set aside the January 11, 2017 Sheriff's Deed, and (3) declared that the November 20, 1998 mortgage on the property now held by plaintiff is revived and constitutes a valid first lien on the property.

Defendant thereafter took this appeal, arguing that the trial court erred in refusing to set aside the default and that defendant "did not know" that she was required to file an answer or otherwise respond. Defendant also claimed that "mortgage fraud" was her meritorious defense. We affirm.

A trial court's decision regarding setting aside a default will not be reversed absent an abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 223; 600 NW2d 638 (1999). The standard for setting aside a default or default judgment is set forth in MCR 2.603(D)(1):

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.

"Good cause" is defined as:

(1) A substantial irregularity or defect in the proceeding upon which the default is based.

(2) A reasonable excuse for failure to comply with the requirements that created the default.

(3) Some other reason showing that manifest injustice would result if the default is not set aside. [*Alken-Ziegler*, 461 Mich at 224.]

As the trial court meticulously explained in its opinion, defendant has failed to show good cause or, for that matter, a meritorious defense. On appeal, defendant's argument is devoted to injustices perpetrated upon her by plaintiff or those in association with plaintiff. It neither addresses the factors of irregularity in the proceeding below nor provides a reasonable excuse for the failure to timely file an answer. Nor, for that matter, does it demonstrate a manifest injustice would result if the default is not set aside. Indeed, if anything, the default judgment works to defendant's advantage, at least with respect to the current litigation.

Count I was dismissed outright. While it potentially allows plaintiff to take action in the future that is adverse to defendant's interests, in the context of the matter before us, it is to defendant's advantage to have a count dismissed. Similarly, with respect to Count II, the prior foreclosure and Sheriff's Deed were set aside. Again, the current context, that is to defendant's advantage. In short, defendant's argument, while perhaps relevant to other litigation involving this property, it is not relevant to this particular matter.

As for defendant's argument that she should have been granted summary disposition and awarded damages, there was no motion for summary disposition filed. Again, this might be an issue relevant in other litigation, but it is not relevant here.

Affirmed. No costs.


/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney